ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUL 27 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| CYNTHIA WILDER, | - |
| Plaintiff, | - |
| v. | - PLAINTIFF'S VERIFIED<br>- COMPLAINT AND<br>- DEMAND FOR JURY |
| MIDLAND CREDIT MANAGEMENT, | - TRIAL |
| Defendant. | - |

1:09-CV-2039 -JOF

CYNTHIA WILDER ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against MIDLAND CREDIT MANAGEMENT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Georgia, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

6. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

7. Plaintiff is a natural person residing in Hepzibah, Richmond County, Georgia.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with its principal place of business in San Diego, California.

11. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously place calls to Plaintiff attempting to collect an alleged debt from Plaintiff.

13. Defendant calls Plaintiff at 706-711-5509.and 706-631-3445 from 800-265-8825 X 23056.

14. Defendant threatened to file a lawsuit against Plaintiff if Plaintiff did not pay her alleged debt, but has not done so.

15. Defendant threatened Plaintiff that a judgment against Plaintiff would be enforced by the State of Georgia if Plaintiff did not pay her alleged debt.

16. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered.

17. Defendant fails to meaningfully disclose its identity.

18. Defendant fails to identify itself as a debt collector in subsequent communications.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant Violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   b. Defendant Violated *§1692(d)(2)* of the FDCPA by using language the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of Defendant's identity.

   d. Defendant violated §1692e(5) of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action.

   e. Defendant violated §1692e(10) of the FDCPA using false representations and/or deceptive means in an attempt to collect a debt by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action.

   f. Defendant violated §1692e(10) of the FDCPA using false representations and/or deceptive means in an attempt to collect a debt by placing telephone calls without meaningful disclosure of Defendant's identity.

   g. Defendant violated §1692e(10) of the FDCPA using false representations and/or deceptive means in an attempt to collect a debt by by failing to disclose

   in subsequent communications that the communication was from a debt collector because Defendant placed calls and failed to leave messages.

  h. Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector because Defendant placed calls and failed to leave messages.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress. *See* Exhibit A.

WHEREFORE, Plaintiff, CYNTHIA WILDER, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

25. Any other relief that this Honorable Court deems appropriate.

DATED: July 14, 2009

RESPECTFULLY SUBMITTED,

By: _____
Alex Simanovsky, Esq.
Attorney for Plaintiff
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345

Of Counsel
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CYNTHIA WILDER, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA )

Plaintiff, CYNTHIA WILDER, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CYNTHIA WILDER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_July 5, 2009_
Date

_Cynthia Wilder_
CYNTHIA WILDER

**EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — YES **NO**
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — **YES** NO
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — YES **NO**
15. Negative impact on my relationships — YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: everything about speaks for itself. Matter I was in fear to open the door to see the Cops there to take me away for non-payment. Mr. Clay Barclay said he will put in jail where I live

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: July 5, 2009

Cynthia Wilder
Signed Name

Cynthia Wilder
Printed Name