IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CYNTHIA WILDER,** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:09-CV-2039-JOF** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF SCOTT O'DONNELL

I, Scott O'Donnell, do hereby declare under penalty of perjury that the following is true and correct:

1.

My name is Scott O'Donnell. I am a resident of the State of California, am over 18 years of age, have never been convicted of a felony, and I am competent to testify to the statements set forth in this Declaration. This declaration is based upon my own personal knowledge and if called upon to testify, the content of this declaration would be my testimony as to the things stated herein. I give this declaration in support of Midland Credit

Management, Inc.'s motion to compel arbitration and for all other purposes permitted by law.

2.

I am employed as Director, Business Development with Midland Credit Management, Inc. ("MCM"). MCM services debt owned by Midland Funding, LLC ("Midland Funding"). I am familiar with the business operations of MCM and with all of the policies and procedures that I describe herein.

3.

The regular business activity of Midland Funding is purchasing unpaid loans and other types of debt from creditors and collecting them.

4.

The above-captioned litigation involves one such unpaid loan (the "Account"), originated by Beneficial of Connecticut, Inc. ("Beneficial") to Cynthia Wilder (formerly Cynthia Benjamin), bearing account number XXXXXX-562757 in the original principal amount of $2,419.92.

5.

Midland Funding purchased the Account from Beneficial of Connecticut, Inc. account on or about August 18, 2006. At the time of the

purchase, the unpaid balance on the Account was $2,474.60. MCM collected the unpaid balance.

6.

A true and correct copy of the loan agreement that Midland Funding purchased ("Loan Agreement") is attached hereto as Exhibit "A."

7.

A true and correct copy of the written assignment ("Assignment") of the Account from Beneficial to Midland Funding is attached hereto as Exhibit "B."

8.

As a matter of company policy and procedure, Midland Funding maintains a system of recordkeeping to assure for the storage, safekeeping, and retrieval of assignments, loan agreements, and other documents related to its purchase of unpaid loans. Also as a matter of company policy and procedure, Midland Funding, immediately upon receipt of the Beneficial assignment, stored it in accordance with its system of recordkeeping.

9.

I am familiar with Midland Funding's system of recordkeeping and the company's related policies and procedures. Those policies include, in part, Midland Funding's receipt, review, and storage of the assignment

and loan agreements received from the sellers of those accounts when Midland Funding purchases unpaid debts in the normal course of its business at or near the time of the purchase transactions.

10.

The documents attached to this declaration as Exhibit "A" (the loan agreement) and Exhibit "B" (the assignment) were received, reviewed, stored, and maintained in the normal course of Midland Funding's business at or near the time it purchased the account.

11.

Prior to executing this affidavit, I reviewed the originals of Exhibits "A" and "B" which are presently in my custody.

12.

MCM collected the account on or about August 4, 2006. At all times herein, Midland Funding remained the true and correct owner of the loan account.

Dated this 4th day of January, 2010.

_____
Scott O'Donnell

Sworn to and subscribed before me,

State of California
County of SAN DIEGO

Subscribed and sworn to (or affirmed) before me on this 4th day of JANUARY, 20 10, by SCOTT O'DONNELL
_____,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

MARIA BOLA
COMM. #1747266
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
Comm. Exp. MAY 26, 2011

(Seal)                              Signature _____

# EXHIBIT "A"

LOAN REPAYMENT AND SECURITY AGREEMENT (Page 1 of 3)

LENDER (called "We", "Us", "Our")
BENEFICIAL CONNECTICUT INC.
32 WALL STREET
NORWALK CT 06850

BORROWERS (called "You", "Your")         LOAN NO:                  2757
BENJAMIN, CYNTHIA
SS#          4367



| DATE OF LOAN | FIRST PAYMENT DUE DATE | OTHERS | FINAL PAYMENT DUE | | CONTRACT RATE (per year) |
|---|---|---|---|---|---|
| 01/15/2002 | 02/15/2002 | SAME DAY OF EACH MONTH | DATE 01/15/2005 | | 18.332 % |
| TOTAL OF PAYMENTS | AMOUNT FINANCED | | | | |
| $ 3,164.04 | $ 2,419.92 | | | | |
| TOTAL FINANCE CHARGE | | | | | OFFICIAL FEES |
| $ 744.12 | | | | | $ .00 |
| LIFE INS PREMIUM | DISABILITY INS PREMIUM | IUI PREMIUM | | | |
| $ NONE | $ NONE | $ NONE | | | |
| FIRST INSTALLMENT | MONTHLY INSTALLMENT | | | | TERM PERIOD |
| $ 87.89 | $ 87.89 | | | | 36 |

REQUIRED INSURANCE. You must obtain insurance for term of loan covering security for this loan as indicated by the word "YES" below, naming us as Loss Payee:

Physical damage insurance on vehicle listed under "Security" above if "Y" appears under "Insured".
Physical damage insurance on other property listed under "Security" above if "Y" appears under "Insured".
You may obtain any required insurance from anyone you choose.
(See "Security" paragraph above for description of security to be insured.)

NOTICE: THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.

01-01-01 NRE PC                                                                                           CTB75031

*17601648 1796CEA9000CTB750310**BENJAMIN          *                    ORIGINAL





## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 2 of 3)

PAYMENT. In return for this loan, you shall pay us the Total of Payments, (the sum of Amount Financed plus Finance Charge) in monthly payments as stated on page one. You may pay more at any time. You will pay at our business address or other address given you. If more than one Borrower is named on page one, we may enforce this Agreement against all, or any Borrowers, but not in a combined amount greater than the amount owed.

DATE ON WHICH FINANCE CHARGE BEGINS. Finance Charges begin on the date of disbursement. If this loan is made by mail, the date on which Finance Charge begins is postponed by the number of days from the date of this Agreement to the date of disbursement. Payment due dates and effective date of any optional insurance purchased are also postponed.

PAY-OUTS. You agree to pay-outs of Amount Financed as shown on Truth-In-Lending disclosure form. If pay-outs change because loan closing is delayed, (a) you shall pay additional amounts due at closing, or (b) your cash or check will be reduced to cover additional pay-outs.

PREPAYMENT. If you fully prepay before the final due date, the amount you owe will be reduced by unearned Finance Charges, as of the payment date nearest the date of prepayment. For loans originally payable in 48 months or less, the refund shall be computed by the "Rule of 78ths." For loans originally payable in more than 48 months, the refund shall be computed by applying the Contract Rate (shown on page one) to the scheduled, prepaid balances of Amount Financed.

LATE CHARGES. If you don't pay any payment within 10 days after it's due including Sundays and holidays, you will also pay 5% of the payment but not over $7.50 (subject to a $3.00 minimum charge).

BAD CHECK CHARGE. If you pay us with a check which is returned to us unpaid, you agree to pay a bad check charge of $20.

INTEREST AFTER FINAL DUE DATE. If your loan is not paid in full on the final due date, you will pay interest on the unpaid balance of the amount financed. After final due date, you will pay interest at the simple interest rate of 12% per year.

SECURITY. You agree to give us a security interest in the property identified in the Mortgage/Deed of Trust.

FAILURE TO PAY. If you don't pay on time, all of your payments may become due at once and, without notifying you before suit, we may sue you for the total amount you owe, less the same unearned Finance Charges, you would receive if you fully prepaid on date of judgment.

EXCHANGE OF INFORMATION. You understand that from time to time we may receive credit information concerning you from others, such as stores, other lenders, and credit reporting agencies. You authorize us to share any information, on a regular basis, we obtain related to your Account, including but not limited to credit reports and insurance information, with any of our affiliated corporations, subsidiaries or other third parties. The uses of this information may include an inquiry to determine if you qualify for additional offers of credit. You also authorize us to share any information regarding your Account with any of our affiliated corporations, subsidiaries or other third parties. You may prohibit the sharing of such information (except for the sharing of information about transactions or experiences between us and you) by sending a written request which contains your full name, Social Security Number and Address to us at P.O. Box 1547, Chesapeake, VA 23320.

If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you.

INSURANCE. Optional credit insurance and any required insurance disclosures are attached to this Agreement and are incorporated herein by reference.

ALTERNATIVE DISPUTE RESOLUTION AND OTHER RIDERS. The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

NOTICE: THE FOLLOWING PAGE CONTAINS ADDITIONAL CONTRACT TERMS.

01-01-01 NRE PC                                                                                              CTB75032



*176016481796CEA9000CTB750320**BENJAMIN         *                    ORIGINAL

LOAN REPAYMENT AND SECURITY AGREEMENT (Page 3 of 3)

APPLICABLE LAW. This loan is made by us as a licensee under the Connecticut Small Loan Act (SLA) Chapter 647, Connecticut General Statutes and the terms and conditions of this loan are governed by the SLA.

YOU HAVE RECEIVED A COMPLETE COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.

BORROWERS:

_Cynthia R. Benjamin_ (SEAL)

_____(SEAL)

_____(SEAL)

WITNESS:

_signature_

THIS OFFICE IS LICENSED BY THE COMMISSIONER OF BANKING,
260 CONSTITUTION PLAZA
HARTFORD, CONNECTICUT 06103

01-01-01 NRE PC

CTB75033



*17601648179GCEA9000CTB750330**BENJAMIN           *           ORIGINAL

## ARBITRATION RIDER
(Page 1 of 2)

This Arbitration Rider is signed as part of your Agreement with Lender and is made a part of that Agreement. By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; .constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counter-claims, and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. The party initiating the arbitration proceeding shall have the right to select one of the following three arbitration administrators: the National Arbitration Forum ("NAF"), the American Arbitration Association ("AAA") or JAMS/Endispute ("JAMS"). The arbitrator shall be a lawyer with more than ten years experience or a retired or former judge. The arbitrator shall be independent of and unrelated to you or Lender. The rules and forms of the NAF, AAA and JAMS may be obtained by writing to or calling these organizations at the addresses and/or telephone numbers listed below. Our address for the Service of process under this provision is P.O. Box 1547, Chesapeake, VA 23320.

Any participatory arbitration hearing that you attend will take place in the city nearest to your residence where a federal district court is located or at such other location as agreed by the parties.

If Lender files a Claim, Lender shall pay all the filing costs. If you file a Claim, the filing costs shall be paid as follows: (a) Lender agrees to pay for the initial cost of the filing the Claim up to the maximum amount $100.00; (b) for the filing costs over $100.00, such additional cost shall be divided equally between us up to the amount charged by the arbitration administrator for a Claim equal to your loan amount; and (c) all costs over the amount charged by the arbitration administrator for a Claim equal to your loan amount shall be paid by you. The cost of up to one full day of arbitration hearings will be shared equally between us. Fees for hearings that exceed one day will be paid by the requesting party. We shall each bear the expense of our respective attorney's fees, except as otherwise provided by law. If a statute gives you the right to recover any of these fees, or the fees paid to the arbitration administrator, these statutory rights shall apply in the arbitration notwithstanding anything to the contrary contained herein. If the arbitrator issues an award in our favor you will not be required to reimburse us for any fees we have previously paid to the arbitration administrator or for which we are responsible.

This Arbitration Rider is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1 - 16 (the "FAA"). The Arbitrator shall apply applicable substantive law consistent with the FAA, including laws concerning reception, rejection and consideration of evidence, and shall provide written reasoned findings of fact and conclusions of law. The Arbitrators award shall not be subject to appeal except as permitted by the FAA. The parties agree that the award shall be kept confidential. Judgement upon the award may be entered in any court having jurisdiction. All statutes of limitations that would otherwise be applicable shall apply to any arbitration proceeding.

The Arbitrator shall be empowered to impose sanctions and to take such other actions as the Arbitrator deems necessary to the same extent as could be imposed by a judge pursuant to the Federal Rules of Civil Procedure.

This Arbitration Rider shall survive repayment of your loan and/or termination of the Agreement. If any portion of this Arbitration Rider is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Arbitration Rider of the Agreement. In the event of a conflict or inconsistency between the rules and procedures of the arbitration administrator and this Arbitration Rider, this Arbitration Rider shall govern. No class actions or joiner or consolidation of any Claim with the claim of any other person are permitted in arbitration without the written consent of you and us.

No provision of, nor the exercise of any rights under this Arbitration Rider shall limit the right of any party during the pendency of any Claim, to seek and use ancillary or preliminary remedies, judicial or otherwise, for the purposes of realizing upon, preserving, protecting or foreclosing upon any property involved in any Claim or subject to the loan documents. The use of the courts shall not constitute a waiver of the right of any party, including the plaintiff, to submit any Claim to arbitration nor render inapplicable the compulsory arbitration provisions contained in this Arbitration Rider.

06-15-00 ARBIT RIDER                                                                                                                                   US024651



*17601648179SXAR9G00US02465 10**BENJAMIN            *                          ORIGINAL

# ARBITRATION RIDER
(Page 2 of 2)

THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.

You may contact, obtain the arbitration rules of, or file a Claim with NAF, AAA, or JAMS as follows:

| National Arbitration Forum | American Arbitration Association | J.A.M.S./Endispute |
|---|---|---|
| P.O. Box 50191 | 1150 Connecticut Ave, NW, 6th Floor | 700 11th St., NW, Suite 450 |
| Minneapolis, MN 55405 | Washington, DC 20036-4104 | Washington, DC 20001 |
| (800) 474-2371 | (800) 925-0155 | (800) 352-5267 |
| www.arb-forum.org | www.adr.org | www.jamsadr.com |
| Code of Procedure | Arbitration Rules for Consumer Related Disputes (Claims under $10,000). Commercial Arbitration Rules (all other claims). | Financial Services Arbitration Rules and Procedures. |

Borrower: *Cynthia L. Benjamin* [signature]

Print Name: *Cynthia L. Benjamin*

Borrower: _____

Print Name: _____

LENDER

By: *[signature]*

Date: *1/15/02*

# EXHIBIT "B"

## ASSIGNMENT AND BILL OF SALE

HSBC Consumer Lending (USA) Inc. on behalf of and as managing company for Beneficial Company LLC and HFC Company LLC and their respective subsidiaries (hereinafter called "Seller") has entered into an Account Purchase and Sale Agreement dated July 27, 2006 (the "Agreement") for the sale of accounts dated in the initial paragraph of the Agreement thereof to Midland Funding, LLC, (hereinafter called "Purchaser"), upon the terms and conditions set forth in that Agreement.

NOW, THEREFORE, for good and valuable consideration, Seller hereby sells, assigns, and transfers to Purchaser, its successors and assigns, all of Seller's rights, title, and interest in each and every one of the Accounts described in the Agreement.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 27th day of July 2006.

HSBC Consumer Lending (USA) Inc.

By: _____

Printed Name: <u>Mushtaq Sahaf</u>
Title: <u>Vice-President</u>

EXHIBIT D

FORM OF AFFIDAVIT

I, Diana Haynes, being duly of lawful age and first duly sworn upon my oath, depose and state as follows:

I am a custodian of records for HSBC Consumer Lending (USA) Inc. on behalf of and as managing company for Beneficial Company LLC and HFC Company LLC and their respective subsidiaries (the "Seller") and I am authorized on behalf of Seller to make the statements and representations contained herein.

Examination of the records, maintained in the ordinary course of business by Seller, show: (i) the following **Unpaid Balance**: $2,474.60 is due and payable on the Account # ████████2757 from: 07/26/2006

**Borrower(s)**: Cynthia Benjamin

and (ii) that the following Account information is true and correct: ████████2757

**Last Payment Date**: 01/14/2005

Any available screen prints reflecting the information contained within the records received on the above referenced Account are attached.

This Account was sold, assigned, transferred and set over from Seller to Midland Funding, LLC with full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of said Account/claim. Further, the affiant states there are no payments, counterclaims or offsets against the Accounts that are not already reflected in the Unpaid Balance set forth above. Further, the undersigned acknowledges that in making this affidavit, Midland Funding, LLC is now the owner thereof, and they have complete authority to settle, adjust, compromise and satisfy the same and that Seller has no further interest in said Account for any purpose.

Affiant: _____
Title: Portfolio Specialist

Subscribed and sworn to before me this 18th day of August, 2009.
My commission expires: _____ Notary Public

AUDREY CHRISTINE MIRSCHKE
Notary Public
Commonwealth of Virginia
7153672
My Commission Expires Oct 31, 2012

