IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CYNTHIA WILDER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | 1:09-CV-2039-JOF |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS

COMES NOW, Defendant Midland Credit Management, Inc. ("Defendant"

or "Midland Credit"), and submits this reply brief as follows

A. **THE ARBITRATION CLAUSE BROADLY INCLUDES PLAINTIFF'S CLAIMS**

The scope of the arbitration clause is defined by the following words:

"any claim, dispute, or controversy . . . including initial claims, counter-claims, and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement . . ."

The words "any claim" are modified by the words "arising from or relating to this

Agreement or the relationships which result from this Agreement."  Defendant

submits that Plaintiff's complaint about Defendant's behavior while collecting the

1

very account which is the subject of the loan agreement is precisely the kind of

"any claim" which arises from the loan agreement. In addition, the agreement

includes claims arising from the "relationships which result from this Agreement."

The relationship between Defendant and Midland Funding, LLC (the owner of the

debt) is the very relationship contemplated by the agreement – the contractual

relationship to collect the unpaid account.

In Morrow, et al. v. Soeder, et al, the U.S. District for the Eastern District of

Washington was confronted with a similar arbitration agreement and allegations.

In that case, the arbitration provision read as:

> [a]ny "dispute" regardless of when it arose, shall be resolved by arbitration
> in accordance with this Agreement, a "dispute" is any claim or controversy
> of any nature whatsoever arising out of or in any way related to this loan;
> arranging of the loan, any application, inquiry or attempt to obtain the loan;
> this Agreement; or any other aspect of this loan. It includes, but is not
> limited to, federal or state contract, tort statutory, regulatory, common law
> and equitable claims.

Morrow, et al. v. Soeder, et al, 2006 U.S. Dist. LEXIS 72073, at 2 (2006).

Morrow alleged multiple FDCPA violations against the defendant. The court held

the broad scope of this agreement encompassed the FDCPA claims pled by the

plaintiff. Id., at 3. The arbitration agreement in the case at bar is similarly broad in

scope. Both arbitration provisions cover "disputes" regarding a loan agreement.

Both provisions state specifically that statutes are included in coverage, which

FDCPA violations come under.  The scope of the parties' arbitration agreement

thus encompasses Defendant's alleged FDCPA violations.

Absent claims of fraud in the arbitration agreement, contracts must be

generously construed in favor of arbitration under the Federal Arbitration Act

("FAA").  Miller v. Northwest Trustee Services, Inc., et al, 2005 U.S. Dist. LEXIS

43770, at 11 (2005).  The Miller case dealt with an arbitration clause and FDCPA

claims, similar to the case at bar.  In that case, the arbitration clause was worded as

"all disputes arising under."  The Ninth Circuit held this language must be

construed liberally in arbitration clauses.  Id. at 12.  Numerous circuits, when

analyzing that language, reasoned the clause does not limit arbitration to the literal

interpretation or performance of the contract but "embraces every dispute having a

significant relationship to the contract."  Id. at 13. (see; Ryan & Sons , Inc. v.

Rhone Poulenc Textile, S.A., 863 F.2d 315, 321 (4th Cir. 1988); Genesco, Inc. v. T.

Kakiuchi & Co., 815 F.2d 840, 846 (2nd Cir. 1987); Blinco v. Green Tree

Servicing, 400 F.3d 1308, 1312 (11th Cir. 2005). The court in Miller held the

Plaintiff's FDCPA claims "fall within the scope of the loan agreement because

they 'arise from' the debt created by the note and 'the relationships which result

from' the note." Id. at 14.

Here, the case stems from a loan agreement the Plaintiff signed.  The

arbitration agreement was broad in that it covered "any dispute…arising from or

relating to this Agreement or the relationships which result from this

Agreement…"  Although alleged debt collection activities were not mentioned in

the loan agreement or arbitration agreement that does not limit the agreement's

scope.  An arbitration clause does not need to be read literally, rather it

encompasses "every dispute having a significant relationship to the contract."

Plaintiff contracted to borrow money from a lender, which included the arbitration

agreement.  Plaintiff then filed suit alleging FDCPA violations based on the

collection of the money she borrowed. The relationship between Plaintiff and

Defendant arose from the contract to borrow money.  Therefore, the alleged

FDCPA violations fall within the scope of the arbitration agreement.

B. **PLAINTIFF OFFERS NO *EVIDENCE* OF PROCEDURAL OR SUBSTANTIVE UNCONSCIONABILITY.**

The loan agreement, which incorporates the Arbitration Rider, clearly states the

terms and conditions of the loan agreement are governed by the Connecticut Small

Loan Act ("SLA"), Chapter 647 Connecticut General Statutes. [*see*, Exhibit A of

Def.'s Motion].  The SLA has either been repealed or transferred to Chapter 668

Nondepository Financial Institutions, Part III Small Loan Lenders.  The Arbitration

Rider provides that it is governed by the FAA.  [*see*, Exhibit A of Def.'s Motion].

The choice-of-law provision is not ambiguous and therefore Connecticut law and

the FAA control the parties' agreement.

Plaintiff argues the arbitration provision of the loan agreement is unconscionable but offers no evidence whatsoever to support such a claim – no affidavit, no documents, no testimony – nothing.   In the absence of even a single shred of evidence of either type of unconscionability, Plaintiff fails to meet her burden.  *See*, <u>Pomposi v. Gamestop</u>, 2010 U.S. Dist. LEXIS 1819, at 27. (Defendant's motion to dismiss, or in the alternative, to stay proceedings and compel arbitration granted where Plaintiff failed to present evidence to prove factors of procedural unconscionablility.)

Even if Georgia law applied, the arbitration agreement is still enforceable. Under Georgia law, when the contract terms are clear and unambiguous, they are to be followed even if contained in an adhesion contract. <u>Jackson v. Cintas Corp., et al.</u>, 2004 U.S. Dist. LEXIS 30850 at 10.   Plaintiff has failed to provide evidence or argue the terms are unclear or unambiguous.  In the absence of any evidence, Plaintiff does not meet her burden.

## <u>CONCLUSION</u>

Defendant respectfully requests that this Court grant its Motion to Compel Arbitration by ordering the Plaintiff and Midland Credit to arbitrate their disputes pursuant to the Loan Repayment and Security Agreement and stay all further proceedings, including all discovery between parties.

This 29th day of January, 2010.

Respectfully submitted,


/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Counsel for Defendant

Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd. Ste., D
Duluth, Georgia 30097
(678) 253-1871, ext. 244 (Phone)
(678) 253-1873 (Fax)
jbedard@bedardlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **CYNTHIA WILDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **v.** | ) | **1:09-CV-2039-JOF** |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2010, I electronically filed this Reply to Plaintiff's Response To Defendant's Motion To Compel Arbitration And To Stay Proceedings using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Alexander Simanovsky
alex@lemonlawinfo.com

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473